UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                                 CRIMINAL ACTION NO.  3:23-CR-56

**ERICK RICHIE**                                                DEFENDANT

<u>SENTENCING MEMORANDUM</u>
*-Filed Electronically-*

Comes the United States of America, by counsel, Assistant United States Attorney Joshua R. Porter, and files its sentencing memorandum in this action currently scheduled for a sentencing hearing on March 25, 2025.  The United States has received and reviewed the Presentence Investigation Report (PSR) for the above-named defendant.  Having found no substantial errors with the PSR, the United States has no objections thereto.  In addition, the United States will not call any witnesses at the hearing.

<u>FACTUAL BACKGROUND – OFFENSE CONDUCT</u>

The United States agrees with the factual background and offense conduct as set forth in the final PSR (DN 245).

<u>GUIDELINE LEVEL CALCULATION</u>

The United States agrees with the offense level calculation and the total Guideline Offense Level calculation of 29, as determined by the United States Probation Office (DN 245 PSR, ¶ 43, Page ID #1222).

<u>CRIMINAL HISTORY</u>

The United States agrees with the criminal history calculation prepared by the United States Probation Office of a Criminal History Category V.  (*Id*. at ¶ 61, Page ID# 1226).

<u>SENTENCING FACTORS</u>

This Court must impose a sentence for Mr. Richie which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).   That section directs courts to consider the following:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

   (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B)    to afford adequate deterrence to criminal conduct;

   (C)    to protect the public from further crimes of the defendant; and

   (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for--

   (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

   . . .

(5)    any pertinent policy statement--

   . . .

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

As this Court is aware, this is a plea pursuant to Federal Criminal Rule 11(c)(1)(C) in which the parties agree that 96 months is the appropriate sentence.  The agreed upon is sentence is below the guideline recommendation.  However, the United States will agree with the Defendant that his role in this case and willingness to plead would warrant the Court granting a variance due to arguments regarding the guideline's treatment of purity levels and counting dismissed diversion

convictions for criminal history points.  Ultimately the United States believes that a sentence of 96 months will satisfy the factors set forth in 18 U.S.C. § 3553(a)(2).

## CONCLUSION

WHEREFORE, based on the reasons set forth above, the United States respectfully requests the Court to impose a sentence in keeping with the agreement of the parties.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*s/Joshua R. Porter*
Joshua R. Porter
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky  40202
PH: (502) 779-2759
Email: joshua.porter@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that on March 14, 2025, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the counsel for defendant.

*/ s/ Joshua R. Porter*
Joshua R. Porter
Assistant United States Attorney