UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*(Electronically Filed)*

UNITED STATES OF AMERICA                                         PLAINTIFF

Vs.                                         CRIMINAL ACTION NO. 3:23-CR-56-RGJ

ERICK RICHIE                                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## ERICK RICHIE'S SENTENCING MEMORANDUM

**The Offenses of Conviction**

Erick Richie entered voluntary pleas of guilty to Count 8 - distribution of methamphetamine, in violation of 21 U.S.C. § 841 (a)(1) and 841(b)(1)(B); and Count 40 - possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). The conspiracy count here, Count 1, is being dismissed by the United States.

The parties of agreed that the factual basis for these offense are as follows: On November 9, 2022, Mr. Richie and another individual sold 50 grams of a mixture of methamphetamine to a confidential sources. The laboratory analysis of the methamphetamine confiscated indicates that the substance was 308 grams at 67% purity. In April 2023, Mr. Richie possessed a Mini Draco pistol, after being convicted of a felony previously.

## OBJECTIONS TO THE PSI

1

**1. Objection to Base Offense Level**

Erick Richie objects to the base offense level of 32 applied in paragraph 24 of his PSR. The PSR imposes a base offense level of 32, attributing *at least 150 g but less than 500 g* of *actual* methamphetamine. In the plea agreement between Mr. Richie and the United States, the parties agree to the following factual basis in paragraph 3: "On November 9, 2022…the Defendant [] aided and abetted by each other **sold 50 grams of a mixture of methamphetamine** to a confidential source." According to the United States Sentencing Guidelines Drug Quantity Table, 50 grams of a mixture of methamphetamine is a base offense level of 24. USSG §2D1.1(c)(8). Pursuant to the agreement of the parties regarding the factual basis in this case, the Court should find this is the proper base offense level here.

If the Court applies the the laboratory analysis, then the base offense level in the PSR is still too high. The laboratory analysis, as reported in paragraph 15 of the PSR, indicates that the substance in this transaction tested to be 308 g of methamphetamine hydrochloride at 67% purity. Since the purity does not qualify as "actual" methamphetamine, the base offense level for 308 grams of methamphetamine is Level 26. U.S.S.G. §2D1.1(c)(7).

**2. Objection to Criminal History Calculation**

Erick Richie objects to the criminal history category of V, recommended by the PSR. He submits his proper criminal history category is III.

On Jefferson District Court 13-M-16815 (Paragraph 49), the Defendant never received a sentence as the case was dismissed after volunteer work. This case should not add a point.

On Jefferson District Court 13-M-16815 (Paragraph 49), the Defendant never received a sentence as the case was dismissed after volunteer work. This case should not add a point.

Mr. Richie also objects to the four one-point additions in paragraphs 53-56. There are three convictions of possession of marijuana from 2019, and one conviction for prescription not in the original container. For all of these, he received only a fine and no sentence of jail or imprisonment. No points should be added for these convictions.

This leaves Mr. Richie with 6 total points, so there is no additional point for being on probation at the time of the instant criminal offense, pursuant to USSG §4A1.1(e). Six total points is a Criminal History Category III.

**3. Objection to Guidelines Calculation.**

With a Base Offense Level of 26 and three points off for acceptance of responsibility, Mr. Richie submits that his proper Total Offense Level (Paragraph 43) should be 23.

| | |
|---|---|
| Base Offense Level: | 26 |
| Acceptance of Responsibility: | -3 |
| Total Offense Level | 23 |

With a Criminal History of Category III, Mr. Richie believes his guidelines range should be 57-71 months.

**Judiciary Sentencing Information (JSIN) Data shows an average sentence of 33 months imprisonment, without a §5K1.1 motion.**

The PSR references the Sentencing Commission's Judiciary Sentencing Information database (JSIN). (PSR para. 81). However, the PSR applies an offense level of 27, and a total offense level of 21 is appropriate here, for the reasons explained above. For a defendant with these offenses, a total offense level of 21 and a criminal history of II, the JSIN reports an average sentence imposed was 34 months and the median sentence imposed was 33 months, for those without a motion from the United States pursuant to U.S.S.G. §5k1.1 for downward departure.

**SENTENCING FACTORS**

This is a plea pursuant to Federal Criminal Rule 11(c)(1)(C) in which the parties have agreed that 96 months is the appropriate sentence. To the extent that this Court calculates his guidelines to be higher than the agreed upon recommendation, Mr. Richie requests a variance due to the factors set forth in the above objections, his role in the case and his willingness to plead guilty. This sentence will satisfy all of the factors in 18 U.S.C. § 3553(a)(2).

WHEREFORE, for all of these reasons, and additional reasons to be presented at the sentencing hearing, Adrian Richie respectfully requests this Court sentence him to a

sentence that is sufficient, but no greater than necessary, in compliance with the parties

plea agreement.

Respectfully submitted,

*/s/Michael L . Goodwin*

MICHAEL L. GOODWIN
600 West Main Street, Suite 100
Louisville, Kentucky 40202
502-584-7622

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was electronically filed with the Clerk of the Court through the ECF system, which will electronically serve all counsel of record, on this the 16th day of March 2025.

*/s/Michael L . Goodwin*

MICHAEL L. GOODWIN